[S.F. No. 23276. In Bank. Mar. 10, 1976.]

UNITED FARM WORKERS OF AMERICA, AFL-CIO, Petitioner, v. THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent; CALIFORNIA RETAIL LIQUOR DEALERS INSTITUTE, Real Party in Interest.

500

**COUNSEL**

Ellen Lake, Steven F. Shatz, Jerome Cohen and Sanford N. Nathan for Petitioner.

No appearance for Respondent.

Littler, Mendelson & Fastiff, J. Richard Thesing, Randolph C. Roeder, Gary P. Scholick, Nancy L. Ober and Maureen E. McClain for Real Party in Interest.

**OPINION**

**RICHARDSON, J.**—The case poses the question, will a class action lie to restrain a labor union's picketing activities? We conclude that although class relief may be appropriate to enjoin certain kinds of unlawful labor activities such as violent conduct, intimidation of customers, and obstruction of streets, sidewalks and doorways, the complaint before us fails to set forth sufficient facts to justify the broad injunctive relief sought therein.

Real party in interest, California Retail Liquor Dealers Institute (CRLDI), brought an action in respondent court on behalf of its 2,000 members to obtain injunctive relief directed at various alleged activities of petitioner, United Farm Workers of America (UFW) and its members.

CRLDI is a trade association whose members own approximately 2,500 liquor stores throughout the state. UFW is a labor union which,

since the summer of 1973, has been engaged in a labor dispute with E. & J. Gallo Corp. involving Gallo's alleged failure to renegotiate collective bargaining agreements with UFW. In connection with this labor dispute, UFW allegedly adopted a program of concerted activity aimed at discouraging retailers from stocking and consumers from purchasing Gallo products. This program included, inter alia, mass picketing of certain retail liquor stores which sell such products and, it is claimed, confrontation and harassment of customers patronizing such stores.

CRLDI's complaint, as amended, alleged that UFW has threatened retail liquor stores, including the named plaintiffs, with boycotts, picketing and other economic activity unless they cease purchasing the disputed products. According to the complaint, on various occasions UFW has threatened mass picketing of plaintiffs' stores, and has in fact undertaken mass picketing of certain stores, obstructing ingress and egress, harassing customers, and "massing together in substantial size and verbally assaulting customers in a loud, unruly, and intimidating manner." Upon various occasions UFW pickets are said to have "threatened customers [of specified plaintiff stores] with physical harm and violence in the event they did not cease doing business with Plaintiff [store]."

The various incidents during which allegedly illegal or coercive picketing occurred are set forth in 114 separate causes of action, evidently one cause for each of the stores so picketed. The 105th cause of action (not presently before us) asserts a class action on behalf of the 10,000 other retail merchants selling alcoholic beverages in California who "are being subjected to, or are in immediate and real danger of being subjected to, unlawful mass picketing activities" by UFW. The 106th cause, with which we are concerned herein, asserts a claim on behalf of CRLDI and its 2,000 members, representing 2,500 independent liquor stores; CRLDI alleges that UFW has threatened mass picketing of these stores, whose owners "either have been subjected to threats, intimidation, coercion, violence, and mass picketing activities [by UFW] or are in imminent and real danger of being subjected to such unlawful conduct . . . ."

CRLDI's class cause of action prayed for an injunction which would enjoin UFW and its members from engaging in the following acts, among others: "(a) Picketing, parading, massing, patrolling, marching, standing, or demonstrating upon or along the sidewalks, streets and parking lots surrounding said retail stores' premises or in front of or

within the entrances to said business premises; except that defendants may station not more than one (1) individual for lawful picketing purposes at or in the vicinity of each of the driveway and store entrances to said retail stores' premises at a distance of not less than six (6) feet therefrom. [¶] (b) Blocking, obstructing, jostling, shoving, bumping, or impeding in any manner whatsoever the ingress and egress of officers, employees, customers, and potential customers of said retail stores, or any other person, to or from said retail stores or blocking, obstructing or impeding automobiles and trucks from entering or leaving the parking lots, receiving docks or delivery areas of said retail stores. [¶] (c) Engaging in acts of violence or property damage or threatening to engage in such acts or in any other manner coercing said retail stores, their employees, customers, potential customers or employees of suppliers."

On February 28, 1974, despite UFW's contention that class relief was inappropriate in this case, respondent court issued a preliminary injunction in favor of the class represented by CRLDI, enjoining UFW and its members from engaging in the activities specified above, with the exception that UFW was permitted to place *three* pickets at each driveway and entrance of the stores, at a distance of six feet therefrom and not directly in front of the driveway or entrance. UFW has appealed the preliminary injunction to the Court of Appeal, and accordingly, the propriety of that injunction is not directly before us in the instant proceeding.

On November 15, 1974, UFW moved unsuccessfully in the trial court to "decertify" the class represented by CRLDI on the grounds that (1) the class lacks the requisite "community of interest," and (2) a class action is inappropriate to enjoin or restrain labor activity which is "presumptively protected" by the First Amendment. (See, e.g., *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 453-454 [115 Cal.Rptr. 797, 525 P.2d 701], approving the decertification procedure.) Thereafter, in the Court of Appeal, UFW unsuccessfully sought mandate to compel the trial court to decertify the class. On April 16, 1975, we granted UFW's petition for hearing.

On June 20, 1975, CRLDI voluntarily dismissed with prejudice the class cause of action at issue herein. On June 27, 1975, CRLDI moved to dismiss the pending proceedings before this court on the ground of mootness. The case was deemed of sufficient interest and importance to justify retaining the matter for consideration of the questions presented

(see, e.g., *Gordon* v. *Justice Court* (1974) 12 Cal.3d 323, 326, fn. 1 [115 Cal.Rptr. 632, 525 P.2d 72]), and accordingly, on August 14, 1975, we denied CRLDI's motion to dismiss the proceedings in this court.

■ As noted above, CRLDI's class action sought, among other things, to enjoin or restrain such lawful activities as "picketing, parading, massing, patrolling, marching, standing, or demonstrating" on the sidewalks, streets and parking lots surrounding the store premises. In certifying the class, the trial court relied upon evidence, in the form of declarations executed by CRLDI members, to the effect that UFW's picketing and related activities have resulted in violence, intimidation of customers, and obstruction of public access. Yet the record indicates that only 2 percent, approximately, of CRLDI member-stores have been the target of actual picketing by the UFW. Thus, CRLDI's class action sought to enjoin or restrain lawful, peaceful picketing and related activities of UFW with respect to all 2,500 CRLDI member-stores prior to the occurrence of any activity, unlawful or otherwise, as to the vast majority of those stores. Moreover, the complaint fails to allege that each of the member stores seeking injunctive relief in fact sell the Gallo products which are the subject of UFW's alleged boycott activities. Thus, no factual allegations are made to support CRLDI's conclusionary allegations to the effect that all 2,500 member-stores face a real and imminent danger of harm.

Under the circumstances in the present case, we conclude that class relief was inappropriate on such a large scale. ■ It is well established that "peaceful picketing is an activity subject to absolute constitutional protection in the absence of a valid state interest justifying limitation or restriction." (*In re Berry* (1968) 68 Cal.2d 137, 152 [65 Cal.Rptr. 273, 436 P.2d 273]; see *Schwartz-Torrance Investment Corp.* v. *Bakery & Confectionery Workers' Union* (1964) 61 Cal.2d 766, 769-770 [40 Cal.Rptr. 233, 394 P.2d 921].) Moreover, an order affecting peaceful picketing activity " 'must be couched in the narrowest terms that will accomplish the pinpointed objective permitted by constitutional mandate and the essential needs of the public order. In this sensitive field the State may not employ "means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved." ' " (*United Farm Workers Organizing Committee* v. *Superior Court* (1971) 4 Cal.3d 556, 570 [94 Cal.Rptr. 263, 483 P.2d 1215], quoting from *Carroll* v. *Princess Anne* (1968) 393 U.S. 175, 183-184 [21 L.Ed.2d 325, 332-333, 89 S.Ct. 347]; see *United Farm Workers of America* v. *Superior Court* (1975) 14 Cal.3d 902, 912 [122 Cal.Rptr. 877, 537 P.2d 1237].)

■ Given the presumptively protected status of peaceful picketing activities, courts should be cautious in entertaining actions to enjoin or restrain such conduct. Although, as CRLDI contends, there may exist circumstances which justify limiting the number of pickets and the time, place or manner of picketing or other demonstrations (see *Steiner* v. *Long Beach Local No. 128* (1942) 19 Cal.2d 676, 682-685 [123 P.2d 20]; *San Diego Gas & Elec. Co.* v. *San Diego Congress of Racial Equality* (1966) 241 Cal.App.2d 405, 407 [50 Cal.Rptr. 638]), CRLDI's class action sought "across-the-board" restraints upon peaceful picketing activity at 2,500 different locations, most of which have never been picketed by UFW, peacefully or otherwise.

The record discloses that, by reason of the large number of stores involved and the wide variety of physical conditions existing from store to store, CRLDI has failed to establish the requisite community of interest to support a class action. As noted above, the complaint fails to allege that each member-store carries Gallo products for sale. And even as to stores selling such products, the need for injunctive relief may vary from store to store, depending upon the particular form of labor activity carried on at each location. ■ "[A] class action cannot be maintained where each member's right to recover depends on facts peculiar to his case . . . . The rule exists because the community of interest requirement is not satisfied if every member of the alleged class would be required to litigate numerous and substantial questions determining his individual right to recover following the 'class judgment' determining issues common to the purported class." (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, 459.)

■ It is well established, of course, that such unlawful labor activities as violence, intimidation and obstruction properly may be enjoined by the courts. In *United Farm Workers Organizing Committee* v. *Superior Court, supra,* 4 Cal.3d 556, wherein we cautioned against broad injunctions limiting "legitimate activities of industrial combatants" (pp. 569-570) we also pointed out that "Needless to say, nothing in this opinion should be construed as prohibiting a court from enjoining violence, activity which contains threats of injury, violence or reprisals, activity which creates public safety hazards, or activity which obstructs ingress and egress to buildings or stores." (P. 572, fn. 30.) Indeed, it has long been the rule that courts have the power and the duty to enjoin acts of violence and intimidation. "Labor has no sanctuary in any federal right when it departs from the bounds of peaceful persuasion and resorts to acts of violence, physical intimidation, or false statement. Under such

circumstances, picketing loses its character as an appeal to reason and becomes a weapon of illegal coercion." (*Steiner* v. *Long Beach Local No. 128, supra,* 19 Cal.2d 676, 682; see *Youngdahl* v. *Rainfair, Inc.* (1957) 355 U.S. 131, 138-140 [2 L.Ed.2d 151, 156-157, 78 S.Ct. 206] [injunction against violence, intimidation, threats and obstruction upheld]; *Drivers Union* v. *Meadowmoor Co.* (1941) 312 U.S. 287, 295-298 [85 L.Ed. 836, 842-843, 61 S.Ct. 552, 132 A.L.R. 1200] [injunction against peaceful picketing which was "enmeshed with contemporaneously violent conduct"].)

█ In the instant case, however, CRLDI's complaint sought to impose restraints upon lawful, as well as unlawful, labor activity. As we have explained, in view of the presumptively protected nature of peaceful picketing activity, judicially imposed restraints upon such activity must be tailored with caution and precision, and be reserved for those cases in which the threat of harm seems clear and imminent. This is not such a case.

In any event, as noted above, CRLDI has dismissed its class action with prejudice, and the foregoing discussion must be viewed as explanatory of the general principles to be applied in future disputes of this nature. Having already obtained the relief it sought, namely, dismissal of the class action, UFW is not entitled to a peremptory writ.

The alternative writ of mandate heretofore issued is discharged and the peremptory writ is denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**CLARK, J.**—I would dismiss the case as moot.

Resolving live issues by interpreting and applying existing law in an atmosphere of vigorous advocacy is our function. When a controversy on appeal ceases to exist, it becomes moot and generally must be dismissed. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 462; *Long* v. *Hultburg* (1972) 27 Cal.App.3d 606, 608-609 [103 Cal.Rptr. 19].) This rule is logical and necessary. The presentation of a moot case is virtually ex parte; moreover, neither party obtains relief; and worse, our misspent dicta—often misleading, sometimes self-serving—leaves shadow law. (*Consol. etc. Corp.* v. *United A. etc. Workers* (1946) 27 Cal.2d 859, 862-863 [167 P.2d 725]; *Jordan* v. *County of Los Angeles* (1968) 267 Cal.App.2d 794, 798-799 [73 Cal.Rptr. 516].)

Today's case died last year when plaintiffs voluntarily dismissed their class cause of action. This was precisely the result sought by petitioning defendants. However, when plaintiffs moved this court to dismiss the appeal, the majority refused.

In rare instances an advisory opinion is justified when the case presents an issue of broad public interest and is certain to arise again. Exercising self-restraint and recognizing that the demands of practical litigation do not permit examination of academic questions, this court in the past has insisted both aspects of this dual requirement be fulfilled before issuing our opinion upon a moot cause. (See, e.g., *Green* v. *Layton* (1975) 14 Cal.3d 922, 925 [123 Cal.Rptr. 97, 538 P.2d 225]; *Gordon* v. *Justice Court* (1974) 12 Cal.3d 323, 326, fn. 1 [115 Cal.Rptr. 632, 525 P.2d 72].)

However, the majority today desert our criteria. While conceding mootness, they summarily conclude only that the issue is "deemed of sufficient interest and importance" to hear the appeal and give an opinion.[1] The majority's abandon invites the currently fascinating, the old favorite, the politically popular.

---

[1] One of the "holdings" appears to be that the activities sought to be enjoined were lawful; this is highly questionable. The Agricultural Labor Relations Act (Lab. Code, § 1140 et seq.) enacted after the instant case arose has rendered all of the alleged activities unlawful. (*Id,* § 1154.) In addition, that act has provided an exclusive method for redressing unfair labor practices (*id,* §§ 1160-1160.9), and the majority opinion may be misleading insofar as it implies that in a single proceeding injunction will not lie to restrain all of the activities alleged.