[Civ. No. 35643. First Dist., Div. Four. Mar. 24, 1976.]

CALIFORNIA RETAIL LIQUOR DEALERS INSTITUTE et al.,
Plaintiffs and Respondents, v.
UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Defendant and Appellant.

608

COUNSEL

Steven F. Shatz, Ellen Lake, Jerome Cohen and Sanford N. Nathan for Defendant and Appellant.

Littler Mendelson & Fastiff, Littler, Mendelson, Fastiff & Tichy, Randolph C. Roeder, J. Richard Thesing and Gary P. Scholick for Plaintiffs and Respondents.

OPINION

CHRISTIAN, J.—The United Farm Workers of America (hereinafter UFW) appeals from a preliminary injunction which placed limits upon the picketing of stores owned by certain named plaintiffs and by the class of persons identified as members of the California Retail Liquor Dealers Institute (hereinafter CRLDI).

CRLDI is an association of retail liquor dealers whose stores are located throughout the state. UFW is a labor organization which represents agricultural workers. In October 1973, UFW began picketing liquor stores around the state to induce merchants to cease selling certain brands of wine. According to the declarations submitted by CRLDI, a union representative would commonly enter a store and demand that the boycotted wines be removed. If a store owner refused to comply, groups of pickets would congregate around the store and attempt to dissuade customers from entering. The pickets would often block entrances and driveways or otherwise harass patrons of the picketed stores. Many patrons were physically abused and intimidated by threats. The avowed purpose of the picketing was to exert economic pressure upon liquor dealers, especially those owning smaller stores, until they ceased handling the boycotted products. Some of the facts related above were strongly contested in the evidence. But factual conflicts are to be resolved by the trial court. (See *N. W. Pac. R. R. Co.* v. *Lumber & S. W. Union* (1948) 31 Cal.2d 441 [189 P.2d 277].)

The trial court found that UFW was deliberately interfering with the public's right of free access to and from the stores. In granting a preliminary injunction, the court ordered:

"Defendant and its agents, officers, representatives, members, employees, attorneys, and each of them, and all persons acting at the direction of or in combination with Defendant, are enjoined from doing or attempting to do, or threatening to do, and from causing to be done, either directly or indirectly, by any means, method or device whatsoever, any and all of the following acts at the business premises of CALIFORNIA RETAIL LIQUOR DEALERS INSTITUTE, dba CALIFORNIA RETAIL LIQUOR DEALERS ASSOCIATION, the business premises of any members of said Association, the business premises of any named Plaintiff (excluding I. C. Wines & Liquors, Gong's Market and Santiago Liquor):

"a. Picketing, parading, massing, patrolling, marching, standing, or demonstrating upon or along the sidewalks, streets and parking lots surrounding said premises or in front of or within the entrances to said premises; *except* that Defendants may place not more than three individuals for lawful picketing purposes at or in the vicinity of each driveway and store entrance to said premises at a distance of not less than six feet therefrom, and not directly in front of such driveway or store entrance. Under no circumstances shall separate groups of pickets merge with one another to form a group of more than three pickets.

"b. Blocking, obstructing, jostling, shoving, bumping, engaging in acts of violence or threatening to engage in such acts, or impeding in any manner whatsoever the ingress or egress of officers, employees, customers, and potential customers of said premises, or any other person, to or from said premises; or blocking, obstructing or impeding automobiles and trucks from entering or leaving the parking lots, receiving docks or delivery areas of said premises."

While this appeal was pending, UFW sought a determination by the Supreme Court that the members of CRLDI did not constitute a class on whose behalf injunctive relief might appropriately be granted. CRLDI thereafter procured dismissal of the class action with prejudice, but because of the public importance of the questions presented, the Supreme Court rendered a decision in which the court expressed the view that the case was not properly brought in behalf of the designated class. (See *United Farm Workers of America* v. *Superior Court,* 16 Cal.3d 499 [128 Cal.Rptr. 209, 546 P.2d 713].) However, the preliminary injunction subsists for the benefit of the named plaintiffs, and is not affected by the opinion issued by the Supreme Court. The appeal must therefore be dealt with in due course as to the named plaintiffs.

■ Picketing is generally protected by the First Amendment of the United States Constitution. (*Food Employees* v. *Logan Plaza* (1968) 391 U.S. 308, 313 [20 L.Ed.2d 603, 608-609, 88 S.Ct. 1601]; *United Farm Workers Organizing Committee* v. *Superior court* (1971) 4 Cal.3d 556, 567 [94 Cal.Rptr. 263, 483 P.2d 1215].) But picketing may be subjected to controls which would not be constitutionally permissible in cases involving speech unaccompanied by any physical demonstration. (*Food Employees* v. *Logan Plaza, supra; Cox* v. *Louisiana* (1965) 379 U.S. 536, 555 [13 L.Ed.2d 471, 484, 85 S.Ct. 453].) As the court explained in *United Farm Workers Organizing Committee, supra,* 4 Cal.3d at page 568, "the more limited protection given picketing as a concomitant of free speech is predicated on the dual nature of the activity and the fact that, of itself, picketing . . . has a certain coercive aspect." (See also *Teamsters Union* v. *Vogt, Inc.* (1957) 354 U.S. 284, 289 [1 L.Ed.2d 1347, 1350-1351, 77 S.Ct. 1166].) ■ Where past picketing has been tainted by acts of violence on a considerable scale, all future demonstrations may be flatly prohibited. (*Drivers Union* v. *Meadowmoor Co.* (1941) 312 U.S. 287, 292-293 [85 L.Ed. 836, 840-841, 61 S.Ct. 552, 132 A.L.R.1200]; *In re Blaney* (1947) 30 Cal.2d 643, 649 [184 P.2d 892]; *Steiner* v. *Long Beach Local No. 128* (1942) 19 Cal.2d 676, 682-683 [123 P.2d 20]; *People* v. *Saffell* (1946) 74 Cal.App.2d Supp. 967, 983 [168 P.2d 497].) On the other hand, the right of free speech in the future cannot be forfeited because of dissociated acts of past violence. (*Steiner* v. *Long Beach Local No. 128, supra,* 19 Cal.2d at p. 684.)

■ An injunction, like a statute, may be attacked under some circumstances as unconstitutionally over-broad if it prohibits lawful as well as unlawful activity. (*United Farm Workers Organizing Committee* v. *Superior Court, supra,* 4 Cal.3d at pp. 568, 570-571; *In re Berry* (1968) 68 Cal.2d 137, 151-152, 154 [65 Cal.Rptr. 273, 436 P.2d 273]; *N. W. Pac. R. R. Co.* v. *Lumber & S. W. Union, supra,* 31 Cal.2d 441, 448; *Chrisman* v. *Culinary Workers' Local* (1941) 46 Cal.App.2d 129, 133 [115 P.2d 553].) But an injunction fashioned to meet the circumstances of the case need not be judged by the same standards employed in determining the validity of a statute. (See *Drivers Union* v. *Meadowmoor Co., supra,* 312 U.S. at pp. 292-293 [85 L.Ed. at pp. 840-841].)

Nonetheless, "An order issued in the area of First Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted by constitutional mandate and the essential needs of the public order. In this sensitive field the State may

not employ 'means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved.' [Citation.]" (*Carroll* v. *Princess Anne* (1968) 393 U.S. 175, 183-184 [21 L.Ed.2d 325, 332-333, 89 S.Ct. 347]; accord, *United Farm Workers Organizing Committee* v. *Superior Court, supra,* 4 Cal.3d at p. 570; see also *Drivers Union* v. *Meadowmoor Co., supra,* 312 U.S. at p. 296 [85 L.Ed. at pp. 842-843]; *In re Berry, supra,* 68 Cal.2d at p. 155.) "[A] court must weigh the extent of the impairment against both the importance of the governmental interest and the substantiality of the threat which the forbidden speech or related activity poses to that interest." (*L. A. Teachers Union* v. *L. A. City Bd. of Ed.* (1969) 71 Cal.2d 551, 556 [78 Cal.Rptr. 723, 455 P.2d 827]; see also *In re Berry, supra,* 68 Cal.2d at pp. 153-154.) ██ Among the factors to be considered by a court in determining the proper scope of injunctive relief is the availability of alternative means of publicizing a dispute. (*United Farm Workers Organizing Committee* v. *Superior Court, supra,* 4 Cal.3d at p. 568.) A decree should be fashioned to permit public debate and the dissemination of information consistent with the state's interest in maintaining order. (See *L. A. Teachers Union* v. *L. A. City Bd. of Ed., supra,* 71 Cal.2d at p. 560.)

██ UFW's only objection to the injunction as it applies to the individual plaintiffs is that it sets forth number and distance restrictions on the mode of picketing. UFW relies on *Davis* v. *Francois* (5th Cir. 1968) 395 F.2d 730, 735, where an ordinance limiting the number of pickets to two regardless of time, place and circumstances was held invalid. However, as the United States Supreme Court explained in *Drivers Union* v. *Meadowmoor Co., supra,* 312 U.S. at pp. 292-293 [85 L.Ed. at pp. 840-841], a court order fashioned according to the circumstances of the case generally stands on a different footing from statutes which define the permissible scope of free speech activities in the abstract. The present record adequately justifies the restrictions imposed by the trial court. Pickets had blocked entrances and driveways and had harassed and intimidated customers of the boycotted stores. The declarations reveal a pattern of unlawful activity. On the other hand, it does not appear that the number and distance restrictions will impede peaceful informational picketing; the restrictions are not so severe that the union would be unable to communicate its grievances effectively to patrons of the picketed stores. (Cf. *In re Berry, supra,* 68 Cal.2d at p. 154; *Schwartz-Torrance Investment Corp.* v. *Bakery & Confectionery Workers' Union* (1964) 61 Cal.2d 766, 770-771 [40 Cal.Rptr. 233, 394 P.2d 921]; *N. W. Pac. R. R. Co.* v. *Lumber & S. W. Union, supra,* 31 Cal.2d at p. 447.)

Therefore, the number and distance restrictions on picketing were not violative of UFW's rights to free speech. (*Smith* v. *Grady* (5th Cir. 1969) 411 F.2d 181, 183-185, 187; *Alesna* v. *Rice* (D.C. Hawaii 1947) 74 F.Supp. 865, 874-875, affd. 172 F.2d 176, cert. den., 338 U.S. 814 [94 L.Ed. 492, 70 S.Ct. 53]; *San Diego Gas & Elec. Co.* v. *San Diego Congress of Racial Equality* (1966) 241 Cal.App.2d 405, at p. 407 [50 Cal.Rptr. 638]; Note, *Regulation of Demonstrations* (1967) 80 Harv.L.Rev. 1773, 1776; cf. *In re Coleman* (1974) 12 Cal.3d 568, 572 [116 Cal.Rptr. 381, 526 P.2d 533].)

The order granting a preliminary injunction as to the named plaintiffs is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied April 14, 1976, and appellant's petition for a hearing by the Supreme Court was denied May 19, 1976.