REQUESTED BY: Dear Senator:
You requested an opinion concerning the constitutionality of Section 325 of L.B. 38 now pending in the Nebraska Legislature. Section 325 is a recodification of Sections 28-814.01 and 28-814.02, R.R.S. 1943, and virtually identical to said sections. It defines `mass picketing' as:
 ". . . picketing in which there are more than two pickets at any one time within either fifty feet of any entrance to the premises being picketed or within fifty feet of any other picket or pickets, or in which pickets constitute an obstacle to the free ingress and egress to and from the premises being picked or any other premises, or upon the public roads, streets, or highways, either by obstructing by their persons or by the placing of vehicles or other physical obstructions."
It makes mass picketing a crime punishable as a Class II misdemeanor and requires pickets acting lawfully to display on their persons a sign with at least two and one-half inch upper case letters showing the name of the organization represented.
L.B. 415, 1949 Legislature, which included the present law, was analyzed in detail by this office in an opinion dated February 18, 1950. A copy of that opinion is enclosed for your reference. We have reviewed the matter again and believe the opinions expressed are still generally correct as to mass picketing. We have some concerns, however, about the `numbers and distance' formula for determining the existence of mass picketing and will further discuss that matter.
As indicated in our 1950 opinion, the dissemination of information concerning the facts of a labor dispute, by means of peaceful picketing, is within the area of free expression that is guaranteed by the First Amendment to the United States Constitution. That right is not absolute, however, since picketing has been held to be more than speech. Governmental restriction on the expression involved in picketing can be justified where required in order to advance some overriding state law or policy or where the picketing poses a clear and present danger of violence in the community. Local Plumbers Union No. 10 v. Graham,345 U.S. 192 (1953); Youngdahl v. Rainfair, 355 U.S. 131
(1957).
Our concern is whether the `numbers and distance' formula is a reasonable one which can be justified under the above test. We believe it can be fairly argued that some restriction on numbers can be legislated and that the formula in Section 325 is reasonably related to advancing the state's policies and laws of free access to the picketed premises, prevention of intimidations and threats of violence, and freedom of access to public ways. However, this determination would be one of judgment and might as well be decided conversely.
We find support for the validity of the formula in a series of cases decided by the Texas Court of Civil Appeals.Geissler v. Coussoulis (Tex.Civ.App.) 424 S.W.2d 709
(1967); Farah Manufacturing Co., Inc. v. Amalgamated ClothingWorkers of America (Tex.Civ.App.) 483 S.W.2d 271
(1972). Dollas General Drivers v. Central Beverage, Inc.
(Tex.Civ.App.) 507 S.W.2d 596 (1974). All three cases involve state court injunctions against mass picketing and other illegal picketing, which injunctions were based, at least in part, on a statute virtually identical to the mass picketing portion of Section 325. Section 1 of Article 5154d, Vernon's Annotated Texas Civil Statutes, provides in part:
 "Section 1. It shall be unlawful for any person, singly or in concert with others, to engage in picketing or any form of picketing activity that shall constitute mass picketing as herein defined.
 "`Mass. picketing,' as that term is used herein, shall mean any form of picketing in which:
 "1. There are more than two (2) pickets at any time within either fifty (50) feet of any entrance to the premises being picketed, or within fifty (50) feet of any other picket or pickets."
The Geissler and Farah cases both sustained the injunctions, noting the plaintiff did not seek to enjoin all picketing, only to prevent violence, property damage, threats of violence, mass picketing and other illegal activities. The mass picketing statute provided reasonable means to publicize the facts of the labor disputes. They found no unconstitutional restriction on freedom of expression.
The Dallas Drivers case reversed the judgment of the district court and dissolved the temporary injunction since the injunction was based on nonviolent coercion of nonstriking employees, arguably prohibited by Section 8(b)(1) of the National Labor Relations Act and preempted by the federal act.
A similar result was reached by the California Court of Appeals for the First District in California Retail LiquorDealers Association v. United Farm Workers, 57 Cal.App.3d 606,129 Cal.Rptr. 407 (1976). There the court held that a `numbers and distance' restriction in a state statute did not violate the labor organization's right of free speech.
On the other hand, two federal cases have taken a contrary view. Davis v. Francois, 395 F.2d 730 (5th Cir. 1969); Medrano v. Allee, 347 F. Supp. 605 (D.C.S.D. Tex. 1972). The Davis case involved a picketing ordinance in Port Allen, Louisiana which limited the number of pickets to two without regard to time, place or circumstances.
The Medrano case specifically held the Texas statute previously cited was unconstitutional but that portion of Medrano was vacated by the United States Supreme Court and remanded for further proceedings.
In conclusion we are of the opinion that Section 325 of L.B. 38 can be successfully defended as constitutional with the possible exception of the `numbers and distance' formula. That portion could probably be sustained but is questionable in that it may be overbroad and violative ofFirst Amendment free speech rights.