[No. H001551. Sixth Dist. Mar. 21, 1986.]

WATSONVILLE CANNING & FROZEN FOOD CO., INC., Petitioner,
v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 912 et al., Real Parties in Interest.

1244

**COUNSEL**

Littler, Mendelson, Fastiff & Tichy, George J. Tichy II, Randolph C. Roeder and Jennifer J. Walt for Petitioner.

No appearance for Respondent.

Kenneth N. Silbert, Franklin Silver and Beeson, Tayer & Silbert for Real Party in Interest.

**OPINION**

**THE COURT.**[*]—When a labor dispute between Watsonville Canning and Frozen Food Co., Inc., and Local 912 of the International Brotherhood of Teamsters culminated in a strike by members of Local 912, Watsonville Canning obtained a temporary restraining order and a preliminary injunction which among other things prohibited Local 912 from resorting to violence. Subsequently Watsonville Canning initiated contempt proceedings against Local 912 and several individuals (collectively Local 912) for alleged violations of the court orders. Local 912 demurred; respondent superior court sustained the demurrers in part, finding that two subparagraphs of the underlying injunctive orders were "unconstitutionally broad." By petition for a peremptory writ of mandate in the first instance, Watsonville Canning seeks review of respondent court's order. We conclude that the demurrers should have been overruled.

Respondent court issued a total of four injunctive orders relevant to the contempt proceeding: The temporary restraining order (dated Sept. 9, 1985), the initial preliminary injunction (filed Sept. 20), and two modified preliminary injunctions (filed Oct. 17 and Nov. 18). The two subparagraphs in issue appeared, in slightly varied forms and under various designations, in each of the four injunctive orders. For clarity we refer simply to "the first subparagraph" and "the second subparagraph." Each injunctive order restrained and enjoined Local 912, their officers, agents, representatives, employees and members, and others acting with or for them, from the behavior specified in these and other subparagraphs.

In the temporary restraining order *the first subparagraph* read: "Threatening physical violence to the person or property of owners, managers,

---

[*]Before Agliano, Acting P. J., Brauer, J., and Chang, J.[†]

---

[†]Assigned by the Chairperson of the Judicial Council.

supervisors, employees, customers, suppliers or other persons seeking to do business with [Watsonville Canning] or any other person[.]" In the October 17 order the first subparagraph was altered to read as follows: "Threatening physical violence to the person or property of owners, managers, supervisors, employees, customers, suppliers of Watsonville Canning . . . or other persons seeking to do business with Watsonville Canning or any other persons[.]"

Disregarding obvious typographical errors and one nonsubstantive punctuation change, *the second paragraph* read as follows in all four injunctive orders: "Committing acts of intimidation relating to physical violence or physical violence against [Watsonville Canning], its owners, managers, supervisors, customers, suppliers or other persons seeking to do business with [Watsonville Canning] or any other person[.]"

Various of the injunctive orders also generally regulated the place and manner of picketing and forbade trespassing, property damage, "following" specified persons, and "obstructing" Watsonville Canning's premises. None of these provisions is in issue here.

On November 20 Watsonville Canning filed a "declaration of Larry Vawter initiating contempt proceedings." The declaration incorporated copies of the four injunctive orders by attachment and reference. In this and a subsequent declaration Vawter alleged 161 instances of contempt of the various orders, beginning September 9 and continuing thereafter.

Local 912 demurred to Vawter's declarations on several grounds, including an assertion "that the various Court orders upon which the contempt proceedings are based are unconstitutionally overbroad and ambiguous . . . ."

Watsonville Canning represents, and Local 912 does not deny, that at hearing on the demurrers respondent court concluded that the words "or any other person" (and, in two instances, "or any other persons") at the end of each of the two subparagraphs in each of their various versions rendered the two subparagraphs unconstitutionally overbroad. Immediately after the demurrer hearing, the court, upon stipulation of the parties, ordered yet another modification of the preliminary injunction, this time to strike the words "or any other persons" from the end of the first subparagraph, and the words "or any other person" from the end of the second subparagraph, of the November 18 version. No one contends that this modification would relate back to the orders on which the contempt proceedings are based.

Respondent court's subsequent written order stated in pertinent part that "[t]he demurrers are SUSTAINED insofar as they contend that the following provisions of the Court's orders forming the basis of the contempt proceedings are unconstitutionally broad," enumerating the various designations of the two subparagraphs in each of the four injunctive orders. Respondent court overruled the demurrers in all other respects.

The significance of the issues presented warrants pretrial writ review. (Cf. *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Brandt* v. *Superior Court* (1985) 37 Cal.3d 813, 816 [210 Cal.Rptr. 211, 693 P.2d 796].)

■ A necessary element of each of the alleged contempts was that the relevant provisions of the injunctive orders were valid and enforceable. (*In re Misener* (1985) 38 Cal.3d 543, 558 [213 Cal.Rptr. 569, 698 P.2d 637]; *In re Blaze* (1969) 271 Cal.App.2d 210, 212 [76 Cal.Rptr. 551].) ■ "[T]he affidavits on which the [contempt] citation is issued constitute the complaint" (*Hotaling* v. *Superior Court* (1923) 191 Cal. 501, 505 [217 P. 73, 29 A.L.R. 127]); Watsonville Canning chose to "plead" the injunctive orders simply by attaching and incorporating them. Local 912's demurrers tested the legal sufficiency of Watsonville Canning's pleading on its face, assuming the truth of all facts stated in the pleading, without recourse to extrinsic matters beyond those of which the court could properly take judicial notice. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 894-896, pp. 333-337.) So far as relevant to the writ petition before us, the question thus presented was whether the two subparagraphs in issue were valid and enforceable on their faces.

■ Read literally, the phrases "or any other person" and "or any other persons" plainly extend beyond the controversy between Watsonville Canning and Local 912: They may be read to expose Local 912 to contempt sanctions for conduct involving "any . . . person" (or, nearly as broadly, "persons seeking to do business with . . . any . . . person") without regard to relationship to the subject or parties of the underlying labor dispute, or existence of any relevant license or privilege.

Did this apparent overbreadth render each subparagraph wholly unenforceable? Local 912 has consistently argued that it did, relying primarily on the rules that because peaceful picketing and related strike activity in a labor dispute are constitutionally protected forms of expression (cf. *Thornhill* v. *Alabama* (1940) 310 U.S. 88, 102-104 84 L.Ed. 1093, 1102-1104, 60 S.Ct. 736]) injunctions which tend to limit such activity must be narrowly drawn (*United Farm Workers of America* v. *Superior Court* (1976) 16

Cal.3d 499, 504-505 [128 Cal.Rptr. 209, 546 P.2d 713]; *In re Berry* (1968) 68 Cal.2d 137, 155 [65 Cal.Rptr. 273, 436 P.2d 273]; cf. *California Retail Liquor Dealers Institute* v. *United Farm Workers* (1976) 57 Cal.App.3d 606, 610-612 [129 Cal.Rptr. 407]), and that an injunction so broad as to exceed First Amendment limits is an invalid act in excess of the issuing court's jurisdiction which cannot sustain a contempt adjudication. (*In re Berry, supra,* 68 Cal.2d 137, 147; cf. *Fortenbury* v. *Superior Court* (1940) 16 Cal.2d 405, 407-409 [106 P.2d 411].)

In respondent court Local 912 suggested, alternatively, that at least the first subparagraph was so ambiguous as to leave the strikers uncertain as to its meaning, and thus to deny them due process. (Cf. *In re Berry, supra,* 68 Cal.2d 137, 156.) Local 912 does not renew its due process argument in this court, and it is apparent to us that neither subparagraph could reasonably have been deemed ambiguous or vague.

Nor do we perceive how the subparagraphs, as written, could have constituted a constitutionally impermissible encroachment on Local 912's freedom of expression. Patently the subparagraphs enjoin only "threatening physical violence" and "acts of intimidation relating to physical violence or physical violence," activities which are neither peaceful nor otherwise presumptively privileged or protected. ■ "It is well established, of course, that such unlawful labor activities as violence, intimidation and obstruction properly may be enjoined by the courts." (*United Farm Workers of America* v. *Superior Court, supra,* 16 Cal.3d 499, 505; cf. Code Civ. Proc., § 527.3, subd. (e).) Local 912 cannot be heard to assert that it has a constitutional right to express itself by physical violence or by threats of or intimidation based on physical violence; it follows that it cannot claim constitutionally significant overbreadth on the basis of language which enjoins such forms of expression simply because the injunction might apply to persons unrelated to the labor dispute.

To counter this analysis Local 912 would rely on *In re Berry, supra,* 68 Cal.2d 137, in which the Supreme Court concluded that an injunction against strike activity by county employees, which extended not only to coercive acts but also to vocal advocacy, demonstrations, and "concerted activity," was invalid. In the course of its analysis the Supreme Court noted that a certain provision "which generally forbids coercive or intimidating acts against county employees and persons with whom the County deals in the course of discharging its functions, is on its face . . . applicable to acts wholly unconnected with the strike." (68 Cal.2d at p. 155.) The Supreme Court deemed this and one other section of the injunctive order "so broadly worded 'as to permit within the scope of [their] language the punishment of

incidents fairly within the protection of the guarantee of free speech. . . .' [Citation.]" (68 Cal.2d at pp. 154-155.)

In Local 912's view this was a "holding" on which the Supreme Court's ultimate finding of invalidity turned; Local 912 argues that the language to which the Supreme Court referred is "directly analogous" to the subparagraphs in issue here.

We disagree. In the first place it is clear that the quoted language was not the fulcrum of the *Berry* decision. *Berry* had before it a sweeping prohibition against various kinds of labor activity, and ultimately found that "[t]he combination of what we have termed the 'overbroad' and the 'vague' aspects of the order in question render it a model of overreaching and confusion." (68 Cal.2d at p. 156.) The "general" proscription on "coercive or intimidating acts" was but one of the several "aspects" of the injunctive order identified in the Supreme Court's conclusion. Secondly, the language of the proscription in *Berry* was much broader than that of the subparagraphs before us: The section in question enjoined the union and its members from "'intimidating, threatening, molesting or coercing' the County or its representatives, employees, suppliers, or invitees . . . ." (68 Cal.2d at p. 151.) The subparagraphs in issue here expressly enjoin only activities directly related to physical violence. Where the proscription in *Berry* arguably might have extended to constitutionally protected expression, the subparagraphs before us are not susceptible to such extension.

Since the subparagraphs do not implicate constitutional guarantees, the phrase which appears to extend their scope beyond the subject in litigation should have been disregarded as simple surplusage. (See, e.g., *Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 534 [67 Cal.Rptr. 761, 439 P.2d 889].)

 In light of our conclusion we need not rule upon Watsonville Canning's contention that the asserted overbreadth of the subparagraphs could be remedied by judicial construction or severance of the offending phrase even if the overbreadth were deemed to be of constitutional significance. Both construction and severance would apparently be available, in proper cases, to remedy constitutionally significant *statutory* overbreadth or vagueness. (See, e.g., *People* v. *Stevenson* (1962) 58 Cal.2d 794, 798 [26 Cal.Rptr. 297, 376 P.2d 297]; *In re Blaney* (1947) 30 Cal.2d 643, 654-656 [184 P.2d 892]; cf. also *Fort* v. *Civil Service Commission* (1964) 61 Cal.2d 331, 339-340 [38 Cal.Rptr. 625, 392 P.2d 385].) Watsonville Canning argues that in *In re Berry, supra,* the Supreme Court implied that severance could be similarly applied to *injunctions* in the labor context. The implica-

tion arises, if at all, only negatively: The Supreme Court concluded, in light of its perception that the injunction before it was "a model of overreaching and confusion," that "the doctrine of severance cannot reasonably be applied." (68 Cal.2d at p. 156.) We agree with Watsonville Canning that the mechanical bars to severance which the Supreme Court perceived in *Berry* do not exist in this action. But we need not deal with the theoretical nuances of applying a doctrine of statutory construction to a labor injunction until, in some future case, the issue is squarely presented.

The procedural requirements for issuance of a peremptory writ in the first instance have been met. (Cf. *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent Superior Court of Santa Cruz County to modify its order filed January 24, 1986, in action No. 95156, Watsonville Canning and Frozen Food Co., Inc. v. Local 912, International Brotherhood of Teamsters, etc., et al., as follows:

(1) To delete from the first line of paragraph 1 (at p. 3, line 9) thereof the word "SUSTAINED" and to substitute therefor the word "OVERRULED."

(2) To insert in paragraph 1 thereof, following the sentence which ends on page 3, line 18, with the abbreviation "MPI-2," the following additional sentence: "Wherever they appear as the last words of any of the paragraphs referred to in the preceding sentence, the words 'or any other person' or 'or any other persons' are stricken from the Court's orders as surplusage."

To prevent frustration of the relief granted herein, this decision shall be final as to this court immediately. (Cal. Rules of Court, rule 24(c).)