## HAMLIN v. STATE.

### Opinion delivered December 11, 1911.

JURY—COMPETENCY OF JUROR.—Where, on trial of a negro for murder of another negro, a juror said that he could not give the defendant the benefit of every reasonable doubt and the presumption of innocence as he would if the defendant were a white man charged with the same offense, but said that he could give a negro charged with murder of a negro the same fair and impartial trial as he would a white man charged with killing a white man, it was not error to overrule defendant's challenge for cause.

Appeal from Woodruff Circuit Court, Southern District; J. S. Thomas, Special Judge; affirmed.

*Charles E. Daggett,* for appellant.

In holding the juror, Marsh, competent, the court deprived appellant of an inalienable right. The question is not whether a juror can try a negro for killing a negro, or a white man for killing a white man, with the same degree of impartiality, but it is, "Can you give the defendant a fair and impartial trial according to the law and the evidence, and not allow any prejudice you might have against his race to influence your verdict?" 26 Am. St. Rep. (Fla.) 75; 85 Ark. 536; 64 N. C. 339; 40 N. W. 193; 97 S. W. 708; 2 Tex. App. 432.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* assistant, for appellee.

The evidence taken at the trial is not brought into the record, and, in view of the court's holding the juror to be competent, it must be presumed that appellant is a negro and that he was charged with killing another negro. The burden is upon him to show that he was prejudiced by the acceptance of this juror, and by being required to exhaust all his peremptory challenges before the jury was completed, and this burden he has not met. From his answers to the court's questions the venireman was a good juror, and no prejudice resulted to

appellant from the court's holding him qualified to serve as a juror. 66 Ark. 115; *Id*. 59-60; 85 Ark. 539.

KIRBY, J. Appellant was indicted by the grand jury of Woodruff County, Arkansas, for the crime of murder in the first degree, and upon trial was convicted of voluntary manslaughter, and sentenced to five years' imprisonment in the penitentiary.

He appealed from the judgment, and complains here that the court erred in overruling his challenge of a certain juror for cause.

None of the testimony heard on the trial is included in the transcript, and the bill of exceptions recites:

"Mr. Marsh, a qualified elector, summoned as a juror on the special venire on his *voir dire*, in answer to the following questions, made the following answers: Q. By Mr. Daggett: The plea in this case is self-defense. Can you go into the jury box and try this defendant as fairly and impartially, give him the benefit of every reasonable doubt and the presumption of innocence, as you would if he were a white man charged with the same offense? A. I could not. By Mr. Daggett: I submit, your honor, this juror is disqualified. By the Court: Q. If a negro was charged with the murder of a negro, could you go into the jury box and give him as fair and impartial a trial as you would a white man charged with murdering a white man? A. How is that? Q. Could you go into the jury box and give a negro charged with the murder of a negro the same fair and impartial trial as you would a white man charged with killing a white man? A. Yes, I suppose I could. Q. Well, you'll have to answer, 'yes' or 'no.' A. Yes."

The court thereupon declared him a competent juror, over the objection of appellant and he was challenged peremptorily by appellant, who exhausted his peremptory challenges before the jury was completed.

The answer of the juror to the first question was positive and unequivocal, and disclosed a prejudice in his mind that would have prevented his giving the defendant such a fair and impartial trial as the law entitled him to under such circumstances as were included within the question asked; but, to the question of the court, asking if he could go into the jury

box and give a negro, charged with the murder of a negro, the same fair and impartial trial as he would give a white man, charged with killing a white man, he answered, "Yes, I suppose I could," and then, "Yes," without qualification. It is manifest from the question of the court that it was applicable to the condition, existing and from the juror's answers thereto that he could, under such circumstances, give the defendant, a negro, charged with the killing of a negro, the same fair and impartial trial that he could give a white man charged with the murder of a white man.

Although the answer to the first question indicated that such a prejudice existed in the mind of the juror against a negro that he probably would not have been able to give a defendant of the negro race, who is entitled to the same fair and impartial trial as any man, without regard to his race or color, a fair trial, his answers to the other questions disclosed that he could give the defendant, charged with the murder of a man of his own race, the same fair and impartial trial that he could give any defendant under any circumstances, and the court committed no error in denying defendant's challenge and declaring him competent. *Strong* v. *State*, 85 Ark. 539; *Hardin* v. *State*, 66 Ark. 59, 60; *Maclin* v. *State*, 44 Ark. 115.

The judgment is affirmed.