Filed 7/24/14  Marriage of Faber CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re Marriage of MARTHA FABER and STEVE FABER | B255258 |
| | (L.A.S.C. No. GD053106) |
| STEVE FABER, | |
| Petitioner, | |
| v. | OPINION AND ORDER GRANTING PEREMPTORY WRIT OF MANDATE |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| MARTHA FABER, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  Dianna Gould-Saltman, Judge.  Petition granted.

McNamara & McNamara and James E. McNamara for Petitioner.

No appearance for Respondent.

Holmes and Holmes and Robert Holmes for Real Party in Interest.

_____

We hold that a "Stipulation and Order," to be bound by a restraining order "in the form attached hereto," but without a restraining order attached, did not give citee notice of the order even though he signed the stipulation. Accordingly, we vacate the order of contempt.

**BACKGROUND**

Steve Faber (Steve) and Martha Faber (Martha) married in 1994 and separated on May 29, 2013.[1] They have two children, Thomas (18) and Claire (16). Martha instituted marital dissolution proceedings.

On October 23, 2013, respondent court issued a temporary restraining order (TRO). The expiration date on the TRO is handwritten; on the photocopy provided as an exhibit, the expiration date appears to be "11/12/13." Martha's counsel, Robert K. Holmes, personally served the TRO on Steve at the Northeast District Courthouse.

Approximately one month after the expiration of the order, on December 11, 2013, the parties and their counsel signed the document entitled Stipulation and Order, which was filed the next day on December 12, 2013. Paragraph 1 of the Stipulation and Order states that the Restraining Order After Hearing "shall be issued by the Court at the December 12, 2013 hearing date *in the form attached hereto.*" (Italics added.) Paragraph 2 states that the "personal appearance of the parties or Respondent's counsel shall not be required," presumably at the December 12, 2013 hearing. The remainder of the Stipulation and Order concerns Steve's contact with the family dogs and his picking up of personal property from the family residence.

The Stipulation and Order was filed on December 12, 2013. Neither Steve nor his counsel was present in court on December 12, 2013. On the same day, purportedly in compliance with the Stipulation and Order, the court issued the Restraining Order After Hearing against Steve.

---

[1] We refer to the parties by their first names to avoid confusion. No disrespect is intended.

On December 20, 2013, the day after the last incident occurred, Martha's counsel, Robert K. Holmes, served the restraining order by mail—not in person—on Steve at Steve's Temple City residence address.

On January 7, 2014, Martha filed an Order To Show Cause Re Contempt, setting forth 15 violations of the restraining order, occurring December 13, December 16, and December 19.

On January 3, 2014, Vatche Tashjian substituted out as Steve's counsel.

At the hearing, Steve's appointed counsel James E. McNamara moved to dismiss all counts, stating that there was not a proper showing that, when Steve signed the stipulation, the restraining order was actually attached to the stipulation. Steve's counsel expressly stated that Steve was not complaining about service, per se, of the order to show cause as to notice of the hearing. Respondent court replied, "It appears that the thing he signed references the other document. It references that the form is attached so I think notice is established." After counsel pointed out that a reference and an attachment were different, respondent court denied the request to dismiss, explaining, "I don't think there was any question that he [Steve] understood the terms of the restraining order and that he and his attorney were signing a restraining order."

Respondent court adjudged Steve to be in contempt on 16 counts and imposed a jail sentence. Steve requested, and the court granted, Steve's request to stay execution of the order. and ordered Steve to perform community service. This petition followed.[2]

We independently reviewed the superior court file; no restraining order is attached to the Stipulation and Order.

## DISCUSSION

The burden was on Martha to establish that Steve knew of the order, had the ability to comply with the order, and willfully disobeyed the order. (*In re Koehler* (2010)

---

[2] On April 24, 2014, we deemed this petition to be a petition for writ of prohibition. (*Hanson v. Superior Court* (2001) 91 Cal.App.4th 75, 80.)

181 Cal.App.4th 1153, 1160.) Martha did not carry her burden to show that Steve knew the substance of the order. Thus, the contempt adjudication fails.

Because of the potential punishment, a contempt proceeding is a quasi-criminal proceeding, with certain due process rights guaranteed to the contempt citee. (*Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1256; *People v. Gonzalez* (1996) 12 Cal.4th 804, 816; *In re Koehler*, *supra*, 181 Cal.App.4th at pp. 1158-1159; *In re M.R.* (2013) 220 Cal.App.4th 49, 57.) "[T]here is no presumption of regularity in contempt proceedings [citations], nothing can be implied in support of an adjudication of contempt [citation], and the record must be strictly construed in favor of petitioner, the one found in contempt. [Citation.]" (*In re Koehler*, *supra*, 181 Cal.App.4th at pp. 1166-1167.)

In short, "a contempt proceeding is punitive and separate from the cause out of which it arises [citation], and it is for this reason that every 'i' must be dotted and every 't' crossed." (*Cedars-Sinai Imaging Medical Group v. Superior Court* (2000) 83 Cal.App.4th 1281, 1287.)

Steve signed the Stipulation and Order, which states that the Restraining Order After Hearing "shall be issued by the Court at the December 12, 2013 hearing date *in the form attached hereto.*" (Italics added.) No form was attached. The Stipulation and Order, itself—in contrast to the restraining order that was eventually served on Steve by mail—did not set forth any actions from which Steve was to refrain nor specify that he was to stay away from, or was prohibited from messaging or telephoning, Martha.

Thus, there was no evidence that Steve had knowledge of the order. Accordingly, as Martha did not carry her burden to provide evidence to show that Steve knew of the order, we vacate the adjudication of contempt.

As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance." (Code Civ. Proc., § 1088; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237–1238; *Lewis v. Superior Court* (1999) 19

4

Cal.4th 1232, 1240–1241; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222–1223; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)  Opposition was requested and the parties were notified of the court's intention to issue a peremptory writ.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)  No opposition has been filed.

## DISPOSITION

THEREFORE, let a peremptory writ issue, commanding respondent superior court to vacate its order of March 3, 2014, finding Petitioner in contempt of court and sentencing him to 80 days in jail, in Los Angeles Superior Court case No. GD053106, entitled Martha Faber v. Steve Faber.

The temporary stay order is hereby terminated.

The parties shall bear their own costs.

NOT TO BE PUBLISHED.

THE COURT:


_____   _____   _____
        ROTHSCHILD, P. J.              CHANEY, J.                MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5