Filed 8/15/23  Cal. Regional Water Quality Control etc. v. Balcom Ranch CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD OF LOS ANGELES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BALCOM RANCH, <br><br> Defendant and Appellant. | 2d Civil No. B313543 <br> (Super. Ct. No. 56-2017-00505151-CU-JR-VTA) <br> (Ventura County) |

Balcom Ranch, a general partnership, purports to appeal an order of the Superior Court finding it in contempt after it failed to comply with a subpoena duces tecum issued by the California Regional Water Quality Control Board of Los Angeles (the Water Board).  Conceding the contempt order is not appealable, Balcom Ranch urges us to treat the notice of appeal as a petition for writ of mandamus.  Balcom Ranch waited more than two years after the Superior Court's contempt order to seek writ or appellate review and has not shown any extraordinary

circumstances justifying the delay.  In light of this unreasonable delay, we decline to exercise our discretion to treat the notice of appeal as a petition for writ of mandate and, accordingly, dismiss the appeal.

*Facts and Procedural History*

Balcom Ranch is a general partnership that owns a commercial citrus grove and row crop farm in Santa Paula.  The Water Board requires commercial irrigated farming operations like Balcom Ranch to monitor and test the waste water they discharge.  Farming operations are required to submit a Notice of Intent that details their plan to conduct the tests individually or as part of a "Discharger Group."  In late 2007, the Water Board issued a notice of violation to Balcom Ranch because it had failed to comply with requirements for testing its waste water discharge.  Balcom Ranch did not respond to the notice or indicate its intent to comply with the requirements.

The Water Board issued an administrative civil liability complaint (ACL) against Balcom Ranch in early 2010.  In July 2011, after an administrative hearing, the Water Board's hearing panel determined that Balcom Ranch had violated California Water Code, § 13260 by failing to comply with the waste discharge requirements.  It assessed a penalty of $193,850 against Balcom Ranch.

Balcom Ranch filed a petition in the Superior Court for a peremptory writ, arguing the proposed penalty was so excessive that it violated due process.  In particular, Balcom Ranch objected that, in calculating the penalty, the Water Board had failed to consider its ability to pay the penalty and remain in business.  The Superior Court granted the writ, vacating the penalty and remanding the matter to the Water Board to hold an

administrative hearing at which it would reconsider Balcom Ranch's ability to pay a civil penalty.

The Water Board's prosecution team issued a revised ACL recommending a penalty of $51,045.  It also issued a subpoena duces tecum to Balcom Ranch and three of its partners, requiring the production of financial records, the partnership agreement and related organizational documents, and documents related to property owned by the partnership.  The prosecution team stated these documents were required to confirm that Balcom Ranch had the ability to pay the penalty.  Balcom Ranch objected to the subpoena on several procedural grounds and asserted a right to privacy in the financial records and partnership documents called for.  It declined to produce responsive documents without a protective order.

The parties engaged in negotiations over the terms of a protective order but were unable to agree.  In October 2016, the Water Board's hearing panel overruled most of Balcom Ranch's objections but granted its motion to quash production of its tax returns.  The hearing panel rejected the proposed protective order and directed Balcom Ranch to produce responsive documents by November 2016.

Balcom Ranch failed to produce any documents in response to the Water Board's order.  On March 1, 2017, the hearing panel issued a contempt citation to Balcom Ranch.  It then moved to enforce the citation in the Superior Court.  In a July 2018 tentative ruling, the Superior Court overruled Balcom Ranch's objections to the subpoena and found it in contempt.

In February 2019, nearly two years after the Water Board issued its contempt citation, the Superior Court confirmed the citation by entering an Order re Contempt.  The order includes

findings that the Water Board's subpoena was "authorized, lawful and valid," that its decision to deny a protective order was "lawful and valid" and that Balcom Ranch had failed "[w]ithout substantial justification" to comply with the subpoena. The Superior Court concluded that Balcom Ranch's refusal to comply with the subpoena "constitutes contempt." Because Balcom Ranch was "guilty of contempt," the Superior Court ordered that Balcom Ranch, through its partner Mark Brown, be imprisoned until it responded to the subpoena. It further ordered Balcom Ranch to pay both a $1,000 fine and the Water Board's "reasonable attorney's fees and costs incurred in connection with this contempt proceeding."

Balcom Ranch responded to the subpoena and denied possessing many of the documents called for in it. Among other things, Balcom Ranch asserted that it did not possess a written partnership agreement or other documents describing the rights and responsibilities of its partners, nor did it possess any documents relating to an appraisal of its real property. It stated it would produce other documents, including state and federal tax returns and related schedules for a limited number of years, "pursuant to an executed protective order."

In April 2019, the Superior Court entered a protective order governing Balcom Ranch's production of confidential materials in the contempt action and the revised ACL proceeding. It noted the Water Board's jurisdictional objections and specified that the protective order did not invalidate or modify the Board's contempt citation. Balcom Ranch and its partners filed amended responses to the subpoena in which they agreed to produce tax returns and related documents for the years 2011 through 2017 and denied the existence of other documents described in the

4

subpoena. Balcom Ranch refused to produce documents relating to its current ability to pay a penalty. The partners also refused to provide affidavits verifying their responses, as required by the subpoenas, contending the affidavits were unnecessary. At a status conference in June 2019, the Superior Court concluded that, once the affidavits were supplied, Balcom Ranch would have "substantially complied" with the subpoenas.

In August 2020, the Water Board filed a motion to set the amount of its attorney's fees award as provided in the February 2019 Contempt Order. The Superior Court granted that motion, awarding the Water Board attorney's fees of $167,400. Judgment was entered against Balcom Ranch on April 22, 2021. The judgment states, "For the reasons stated in the attached Contempt Order, Balcom Ranch is guilty of contempt." It further orders Balcom Ranch to "pay $167,400 to [the Water Board], which amount represents the attorney's fees reasonably incurred by the Board in connection with this proceeding." Balcom Ranch filed its notice of appeal on July 12, 2021.

*Discussion*

A judgment or order of contempt is not appealable. (*People v. Gonzalez* (1996) 12 Cal.4th 804, 816; *Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1584, fn. 18.) It may, however, "be reviewed by certiorari or, where appropriate, by habeas corpus[.]" (*In re Buckley* (1973) 10 Cal.3d 237, 259; see also, *People v. Gonzalez, supra,* at p. 816 ["review of the contempt judgment is by extraordinary writ"].)

Balcom Ranch acknowledges, as it must, that the contempt order is not appealable. It requests that we exercise our discretion to treat the notice of appeal as a writ petition. Although we have discretion to do so, that discretion is exercised

5

sparingly and only in unusual circumstances. (*Black Diamond Asphalt, Inc. v. Superior Court* (2003) 114 Cal.App.4th 109, 114; see also *Podiatric Medical Board of California v. Superior Court* (2021) 62 Cal.App.5th 657, 666 [court of appeal exercises "unusual power" to treat unauthorized appeal as a writ petition].) We decline to exercise it here because no unusual or extraordinary circumstances exist.

First, the length of the delay was unreasonable. Balcom Ranch filed its notice of appeal on July 12, 2021, more than two years after the Superior Court entered the contempt order on February 6, 2019. As a general rule, a writ petition should be filed within the 60-day period applicable to appeals. (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 310.) "'An appellate court *may* consider a petition for an extraordinary writ at any time [citation], but has discretion to deny a petition filed after the 60-day period applicable to appeals, and *should* do so absent "extraordinary circumstances" justifying the delay.'" (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701; see also *People v. Superior Court* (*Brent*) (1992) 2 Cal.App.4th 675, 682.)

Balcom Ranch contends it delayed seeking review until judgment was entered because it was not aware that a contempt order could be reviewed only by writ. But this mistake of law is neither reasonable nor an extraordinary circumstance justifying the delay. The answer to the appealability question was readily available through review of the relevant statutes and case law. In addition, both the Water Board and the trial court informed appellant that the contempt order was reviewable by writ. Before the trial court entered its contempt order, the Water Board stated in a reply brief that "a judgment of contempt is not

6

appealable." The trial court also noted, at three separate hearings, that Balcom Ranch could seek writ review of the contempt order.

Balcom Ranch asserts that it saw no need to petition for writ review in February 2019 because it believed the contempt order would be dissolved after it produced responsive documents. This explanation is unpersuasive. The trial court never suggested it would dissolve the contempt citation upon compliance. Even if the threat of jail time evaporated after compliance, the contempt citation, the fine and the order to pay attorney's fees and costs would remain. Moreover, dissolution of the contempt order after compliance would have left unresolved the question whether Balcom Ranch had a right to privacy that justified its initial refusal to comply with the subpoena. The existence of this issue gave Balcom Ranch a reason to seek review at the earliest possible opportunity, not a justification for extreme delay.

*Conclusion*

Balcom Ranch has not identified any extraordinary circumstance that justifies its delay in seeking review of the contempt citation or supports the exercise of our discretion to treat its inoperative notice of appeal as a petition for writ of mandate. The appeal is dismissed. Costs to the Water Board.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.        BALTODANO, J.


7

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Niddrie, Addams, Fuller, Singh and Rupa G. Singh; Leech, Tishman, Fuscaldo & Lampl and Fadi K. Rasheed, for Defendant and Appellant.

Rob Bonta, Attorney General, Robert W. Byrne, Assistant Attorney General, Eric M. Katz, Supervising Deputy Attorney General, Carol A.Z. Boyd, Deputy Attorney General, for Plaintiff and Respondent.